(126 So. 176)
### GILL v. HOLDRIDGE.   (5 Div. 794.)

Court of Appeals of Alabama.   Feb. 11, 1930.

Pruet & Glass, of Ashland, for appellant.

S. J. Darby, of Alexander City, for appellee.

RICE, J. It appears that petitioner (appellant), the wife of one Will Gill, deceased, at the time of the filing of this petition, was living separate and apart, though not divorced, from her husband, at the time of his death; that she is the mother, by said Will Gill, of Willie Jackson Gill, whose age at the time of the filing of this petition was eight years, and of Oliver Jasper Gill, whose age at said time was six years; that the custody of the two minor children named, had been, subsequent to the date of the separation of petitioner and the said Will Gill, in a proper legal proceeding, the details of which are not shown by this record, awarded to the said Will Gill; that he, for some time prior to his death, had placed, and kept, said minors with his sister, the respondent; that promptly after the death of Will Gill this petition was filed with Hon. W. B. Bowling, judge of the Fifth judicial circuit, praying a writ of habeas corpus directed to the respondent named above, all, etc., to the end that the custody of said minor children might be awarded to petitioner.

From an order by said judge denying the petition, and dismissing same, this appeal is prosecuted. Code 1928, § 3238.

So far as we can see, the appeal is taken, and prosecuted, in substantial compliance with the terms of the Code section just cited, and the motion, by appellee, to dismiss same is denied.

The entire evidence adduced upon the hearing below, has been read, and carefully, we may say very earnestly, considered, by the full court. We do not believe it would be helpful to undertake a detailed discussion of same. Let it suffice to say that it is our opinion that in so far as the moral character of the parties, and the willingness, and financial ability to do so adequately, of them, to rear and educate said children, are concerned, the evidence, giving all due deference to the superior advantage of the learned judge hearing the petition, by virtue of his seeing and hearing the witnesses testify, makes what we may call a practical "stand-off." In other words, there is about as much to be said, from the evidence, in the particulars noted, for one party as for the other. In the home of each, it appears, good moral surroundings will prevail.

In this situation, our duty is plain. The books abound with cases dealing with the general subject here necessary to be dealt with. We will not undertake to collect them. Perhaps as good a one as another to illustrate the decision we have reached, and one in which is cited a number of others bearing on the same subject, is the case of Cook et al. v. Echols, 16 Ala. App. 606, 80 So. 680, 681, from the opinion in which we quote and adopt as our own language, the following: "The laws of nature teach us that the relation of parent and child is sacred, that the welfare of the child is conserved by the cultivation and promotion of that affection which should exist between parent and child, and that as a general proposition no one can watch over the growth and development of the child as a loving father or mother can and will. Consequently it is recognized that, other things being equal, the parent is not only under the sacred duty of providing and caring for his child, but that, in correlation of that duty, the parent is entitled to the care and custody of his child, unless some good cause is shown why he should not have such care and custody, not merely as a matter of right, but because the law presumes that the best interests of the child are thereby subserved."

It is therefore here adjudged that the order appealed from is reversed, and a judgment here rendered awarding the custody of the children named above, to the petitioner.

Reversed and rendered.